IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SMART SEARCH CONCEPTS, LLC,    )
                                         )
      Plaintiff                )
                                         )
v.                                 )      C.A. No. 13-1041-GMS
                                       )
PC CONNECTION, INC. and         )      **JURY TRIAL DEMANDED**
GOVCONNECTION, INC.,            )
                                       )
      Defendant.            )
                                       )

## DEFENDANT PC CONNECTION INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COMPULSORY COUNTERCLAIMS

### ANSWER

Defendant PC Connection Inc. ("PC Connection" or "Defendant") files this Answer in response to the Complaint (the "Complaint") of Plaintiff Smart Search Concepts, LLC ("SSC" or "Plaintiff").

### THE PARTIES

1.      PC Connection is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies those allegations.

2.      Admitted.

3.      Admitted.

4.      Admitted

5.      Admitted.

## JURISDICTION AND VENUE

6.      PC Connection admits that Plaintiff purports to state a claim arising under the Patent Act.  PC Connection denies that SSC has in fact stated a claim for patent infringement.

7.      This paragraph states a legal conclusion to which no response is required.

8.      PC Connection admits that it conducts business in this District, but otherwise denies the allegations of this paragraph of the Complaint.

9.      Admitted.

## THE PATENTS-IN-SUIT

10.      PC Connection admits that on March 6, 2007 the United States Patent and Trademark Office issued Patent No. 7,188,100 (the "'100 Patent"), entitled "Search-on-the-Fly Report Generator."  PC Connection admits that a document that appears to be a copy of the '100 patent is attached to the Complaint as "Exhibit A."  PC Connection is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies those allegations.

11.      PC Connection admits that on August 11, 2009 the United States Patent and Trademark Office issued Patent No. 7,574,432 (the "'432 Patent"), entitled "Search-on-the-Fly/Sort-on-the-Fly Report Generator."  PC Connection admits that a document that appears to be a copy of the '432 patent is attached to the Complaint as "Exhibit B."  PC Connection is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies those allegations.

12.      PC Connection is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

## COUNT I

13.     PC Connection repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14.     Denied.

15.     Denied.

16.     Denied.

## COUNT II

17.     PC Connection repeats and realleges the allegations of paragraphs 1 through 16 as if fully set forth herein.

18.     Denied.

19.     Denied.

20.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim)

SSC's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Non-Infringement)

PC Connection has not, and does not infringe, contributorily infringe, or actively induce the infringement of, any valid claim of the '100 Patent or the '432 Patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense (Invalidity)

The '100 and '432 Patents are invalid for failure to meet one or more of the requirements of patentability under United States Code Title 35, including, without limitation, one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Affirmative Defense (Prosecution History Estoppel)

On information and belief, by reason of prior art and the proceedings in the United States Patent and Trademark Office during the prosecution of the application, and all applications to which the '100 and '432 Patents claim priority, that led to the issuance of the '100 and '432 Patents, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, SSC is estopped from asserting that the claims of the '100 and '432 Patents cover and include the accused devices, methods or acts of PC Connection under the doctrine of equivalents.

### Fifth Affirmative Defense (Laches)

On information and belief, SSC and/or one or more of its predecessors in interest for the '100 and '432 Patents delayed filing suit for an unreasonable and inexcusable length of time from when it knew or reasonably should have known of PC Connection's allegedly infringing products. This delay has prejudiced and injured PC Connection. SSC's Complaint is barred pursuant to the doctrine of laches.

### Sixth Affirmative Defense (Failure to Mark or Provide Notice)

On information and belief, SSC is barred or otherwise limited in its right to seek damages due to a failure to mark products with the numbers of the '100 and '432 Patents or otherwise provide notice of alleged infringement of the '100 and '432 Patents to PC Connection.

### Seventh Affirmative Defense (35 U.S.C. § 288)

SSC is barred by 35 U.S.C. § 288 from recovering costs.

### Eighth Affirmative Defense (Other Equitable Defenses)

Upon information and belief, SSC is barred, in whole or in part, from recovering by the doctrine of acquiescence, equitable estoppel, waiver, and/or unclean hands.

**Additional Affirmative Defenses**

PC Connection's investigations into the allegations set forth in SSC's Complaint are ongoing and PC Connection expressly reserves the right to assert and pursue additional defenses.

## COUNTERCLAIMS

## THE PARTIES

1.      PC Connection is a Delaware corporation with offices at 730 Milford Road, Merrimack, New Hampshire 03054-4631.

2.      SSC alleges that it is a Delaware limited liability company with a place of business located at 80 Sanford Place, Southampton, New York 11968.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the United States Patent Laws, 35 U.S.C. § 101, *et seq.* This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      SSC is subject to personal jurisdiction in this judicial district because it availed itself of the jurisdiction of this Court, and engaged in acts giving rise to this controversy in this district.

5.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) and pursuant to Fed. R. Civ. P. 13 because SSC filed this action in this district. This venue is not, however, the most convenient under the principles relevant to 28 U.S.C. § 1404(a).

## FIRST COUNTERCLAIM
### Declaratory Judgment of Non-Infringement

6.      PC Connection repeats and realleges each and every allegation contained in its Answer and Counterclaims as though fully set forth herein.

7.      In this action, SSC alleges that it is the owner of all substantial rights to the '100

and '432 Patents and has alleged that PC Connection infringes the '100 and '432 Patents.

8.   PC Connection does not infringe the '100 Patent or the '432 Patent.

9.   An actual and justiciable controversy exists between SSC and PC Connection with respect to SSC's assertion of infringement.

10.   PC Connection has no adequate remedy at law.

11.   PC Connection is entitled to a declaration that it does not infringe any valid claim of the '100 Patent or the '432 Patent, and that SSC be enjoined from further charging or threatening to charge PC Connection or its customers with infringement of the '100 Patent and the '432 Patent.

## SECOND COUNTERCLAIM
## Declaratory Judgment of Invalidity and/or Unenforceability

12.   PC Connection repeats and realleges each and every allegation contained in its Answer and Counterclaims as though fully set forth herein.

13.   SSC contends that the '100 Patent and the '432 Patent are valid and enforceable.

14.   The '100 and '432 Patents are invalid and unenforceable.

15.   An actual controversy exists between SSC and PC Connection regarding the invalidity and/or unenforceability of the '100 Patent and the '432 Patent.

16.   PC Connection is entitled to a declaratory judgment that the claims of the '100 and '432 Patents are invalid and/or unenforceable.

17.   This is an exceptional case entitling PC Connection to an award of its attorney fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, PC Connection prays for judgment in its favor, and an order:

a.    dismissing SSC's Complaint with prejudice;

b.    awarding judgment in favor of PC Connection and against SSC;

c.    declaring that the '100 and '432 Patents are not infringed by PC Connection or any of its customers, and that PC Connection has not induced others to infringe, or contributed to the infringement of, the '100 Patent or the '432 Patent;

d.    declaring that the '100 Patent and the '432 Patent are invalid and/or unenforceable;

e.    declaring that this is an exceptional case under 35 U.S.C. § 285 and all other applicable statutes, rules and common law, and awarding PC Connection its costs and attorneys' fees incurred in this action; and

f.    granting to PC Connection such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PC Connection demands a jury trial as to all matters so triable.

Of Counsel:

Aaron W. Moore
Matthew B. Lowrie
Foley & Lardner LLP
111 Huntington Avenue
Suite 2600
Boston, MA 02199
(617) 342-4000

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Katharine C. Lester (#5629)
lester@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE   19801
(302) 651-7700

Dated:  September 3, 2013

*Attorneys for Defendant PC Connection Inc.*

RLF1 9322801v.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2013, I caused to be served true and correct copies

of the foregoing document in the manner indicated below and electronically filed the same with

the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following

counsel of record:

### VIA EMAIL

Stamatio Stamoulis
Richard C. Weinblatt
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
stamoulis@swdelaw.com
weinblatt@swdelaw.com

/s/ Katharine C. Lester
Katharine C. Lester (#5629)
Lester@rlf.com